IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00119-BNB

DEREK WILLIAM BARRINGER SR.,

Plaintiff,

v.

DENVER COUNTY SHERIFF'S DEPARTMENT,

Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 8 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE
AMENDED COMPLAINT

---

Plaintiff Derek William Barringer is being held at the Denver County Jail in Denver, Colorado. On January 10, 2006, he submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. Magistrate Judge Boyd N. Boland reviewed the Complaint, determined that Plaintiff had filed two different prisoner complaint forms, and entered an order, on January 24, 2006, instructing Mr. Barringer to file all claims on one prisoner complaint form. On February 2, 2006, Mr. Barringer complied with the January 24 Order.

In the February 2 Complaint, Plaintiff alleges that Deputies English, Davis, and Cook and Sergeant Martin will not allow him to call his attorney. He further asserts that the U.S. Marshals told "them," apparently staff personnel at the Denver County Jail, that between December 1, 2005, and January 27, 2006, he should be allowed to call his attorney. The Court also notes that in Plaintiff's prisoner complaint forms filed on January 24 he also states that he had a right to call his attorney, that he had not talked

with his attorney in two weeks, as of the date Plaintiff signed the Complaint, January 6, 2006, and that he needed to talk with her to prepare for trial on January 23, 2006. Plaintiff seeks injunctive relief and money damages.

The Court must construe the Complaint liberally, because Mr. Barringer is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Mr. Barringer may not sue Defendant Denver Sheriff's Department. The Denver Sheriff's Department is not a separate entity from the City and County of Denver and, thus, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claim asserted against the Denver Sheriff's Department must be considered as asserted against the City and County of Denver.

Nonetheless, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Barringer cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Plaintiff also must name as defendants the individuals who are responsible for the alleged constitutional deprivations and demonstrate how each individual personally participated in the asserted claims. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Barringer will be ordered to file an Amended Complaint that names as defendants the specific persons who allegedly violated his rights.

Further, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." **Porter v. Nussle**, 534 U.S. 516, 532 (2002).

Plaintiff is held in a jail, and the claims raised in this action relate to jail conditions. Therefore, Plaintiff must have exhausted all the available administrative

remedies. Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 335 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

Plaintiff has failed to meet the **Steele** requirement. In response to Question Two, under Section F., "Administrative Relief," of his Complaint, Plaintiff states that "Thay [sic] will not give me a grievance." Plaintiff fails to assert any specifics or provide evidence regarding his claim that jail staff would not give him a grievance. Therefore, Plaintiff will be directed to show cause why the Complaint should not be dismissed for failure to state with specificity, or to attach copies of administrative proceedings indicating, how he attempted to exhaust his administrative remedies with respect to the claim he raises. Accordingly, it is

ORDERED that Mr. Barringer shall file **within thirty days from the date of this Order** an Amended Complaint that names the individuals as defendants who allegedly violated his constitutional rights, that states how each individual personally participated in the asserted constitutional violation, and that shows how Plaintiff has exhausted his administrative remedies with respect to each claim that he raises. It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Barringer, together

with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Mr. Barringer submit an original and sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Mr. Barringer fails to file **within thirty days from the date of this Order** an Amended Complaint that complies, to the Court's satisfaction, with this Order the action will be dismissed without further notice.

DATED April 18, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00119-BNB

Derek W. Barringer
Prisoner No. 1468030
Denver County Jail
PO Box 1108
Denver, CO 80201-1108

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on __4/18/06__

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk